**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **vs.** | * | **CRIMINAL NO.: 10-00208-KD** |
| | * | |
| **MARK EDWARD HOWARD** | * | |
| | * | |
| **Defendant.** | * | |

## ORDER

This matter is before the court on consideration of defendant's motion to continue the trial filed on November 24, 2010 (Doc. 28), to which the Government does not object.

Upon consideration of the grounds presented and the Court's record, the Court finds that neither the defendant nor the United States will be unduly prejudiced by a continuance into the January 2011 criminal term; therefore, the defendant's motion is **GRANTED** and the trial is **CONTINUED** to the January 2011 criminal trial term.

The Court further finds, pursuant to 18 U.S.C.§ 3161(h)(7)(A), that "the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial." The reasoning for this decision is as follows. Until November 10, 2010, Mr. Howard was represented by appointed counsel Christopher Knight, Esquire. On that date, Mr. Knight withdrew due to a conflict of interest and James M. Scroggins, Esquire, was appointed to represent Mr. Howard. In lieu of such a recent appointment coupled with the problems communicating with Mr. Howard, Mr. Scroggins has asked that the trial be delayed for one criminal term. Under the circumstances, it is clearly necessary to grant more time for the defendant and his new attorney to prepare for trial. Mr. Scroggins has not had sufficient time to become familiar with the discovery or to communicate with his client who was held in State

custody on the date of appointment.  Counsel has proffered valid reasons for an extension of the pretrial preparation period in order to consider a reasonable settlement of the charges or to otherwise prepare for trial.  See 18 U.S.C. § 3161(h)(7)(B)(iv).  Therefore, for the purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge…if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.")

Defendant shall file a waiver of his Speedy Trial rights not later than **December 14, 2010**.  The Clerk of the Court is directed to refer this matter to the appropriate Magistrate Judge for scheduling a new pretrial conference.

DONE AND ORDERED this 30th day of November, 2010.

  s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**