**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **vs.** ) | **CRIMINAL ACTION 10-0208-KD** |
| ) | |
| **MARK EDWARD HOWARD,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter is before the court on Mark Howard's motion to suppress evidence (doc. 31). An evidentiary hearing was held on December 21, 2010.

On September 10, 2009, Mark Howard was placed on state probation for a drug offense. Included in his order on probation was the requirement that he "[s]ubmit to searches by the Probation Officer of his person, residence, vehicle, or any property under his/her control." (Gov. Exhibit 1) On August 26, 2010, Howard's adult daughter accused him of rape. When this daughter was twelve years old she had been removed from Howard's home based on an allegation that Howard had molested her.

State Probation Officers and a DHR case investigator went to Howard's home as a result of the rape allegation and Howard's failure to report to probation as required. The Probation Officers were accompanied by several drug investigators that responded as backup. The drug investigators had previously informed the Probation Officers that they had information that Howard might be selling heroin. Also, according to the drug investigators, several cooperating individuals had named Howard as a methamphetamine supplier.

Upon arrival at the house, Probation Officers Joseph Crum, Greg Cunningham and Robert Johnston confronted Howard. A toddler was present and was removed from the house.

The Probation Officers saw a gun in plain view and arrested Howard for possession of the firearm which was a violation of his probation. The Probation Officers asked to search the residence including a room that was locked. Howard stated that he rather they did not search, but then gave the Probation Officers a box of keys to allow them to unlock the room. Howard was taken to a patrol car.

The Probation Officers unlocked the room and searched. In the room they found magazines entitled Family Lust (subtitled Fathers and their Teenage Daughters) and Young Beaver. The Probation Officers could not recall whether the magazines had nude pictures of children. The Probation Officers also found a cheerleading magazine which contained pictures of clothed adolescent girls. Based on finding these magazines and the allegations of child molestation approximately 12 years prior, the Probation Officer searched Howard's computer.[1] The computer contained images alleged to be child pornography. Subsequently, the Probation Officers also found methamphetamine residue. Based on this information a search warrant was obtained and the defendant's computer was thoroughly searched yielding evidence to be used in this case.

The government contends that the initial search was permissible for three reasons: 1) The defendant agreed to the warrantless search as a condition of his probation; 2) The search warrant provided the law enforcement officers with a good faith basis for the second search, thus the evidence seized from the computer during the second search is admissible; 3) The Probation Officers had reasonable suspicion to search the computer.

---

[1] The government initially argued that the search of the computer was based on finding methamphetamine residue in the house. This argument is without a factual basis, as the government's witness, Probation Officer Cunningham, testified that he searched the computer before he knew drugs were the house.

The government's contention that Howard agreed to all warrantless searches, by agreeing to submit to searches by the Probation Officer as a condition of probation, has been rejected by the Eleventh Circuit. In United States v. Richard Harris Walley, No. 07-14653, slip op. at 4 (11th Cir. March 31, 2008)(per curiam), the court held that a probation agreement with the exact wording as the one in this case did not expressly allow for warrantless searches. The court also noted that Alabama did not have a state law authorizing warrantless searches of probationers. Thus, the court held the probation officer must have reasonable suspicion to conduct a search of the probationer's home. Id.

The government's next contention, that the search is saved by the officers' good faith reliance on a court issued search warrant, is also thwarted by Eleventh Circuit precedent. In United States v. McGough, 412 F.3d 1232, 1239-40 (11th Cir. 2005), the court held that the good faith exception to the exclusionary rule, articulated in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405 (1984), was not applicable when the search warrant affidavit was tainted with evidence obtained as a result of a prior warrantless search. Therefore, if the initial search was unconstitutional, then the Leon exception is not a viable defense.

Accordingly, the government's only viable defense to the motion to suppress is that the search was based on reasonable suspicion. In United States v. Knights, 534 U.S. 112, 121-22, 122 S.Ct. 587, 592-93 (2001), the Supreme Court held that a warrantless search of a probationer's house was, in some instances, permissible based only on a reasonable suspicion that criminal conduct was occurring. The Supreme Court instructed that the court is to balance the intrusion upon a probationer's privacy with the degree to which the intrusion is necessary for the promotion of the government's legitimate interest in supervising probationers. Id. at 118-119, 122 S.Ct. at 591.

Applying this balancing test results in a finding that the probation officers search of Howard's computer was reasonable. After entering Howard's home and seeing a gun in plain view, the officers were justified in continuing their search of the house for other illegal weapons. The continuation of the search resulted in finding the magazines. Upon discovering the magazines, it was not unreasonable for the probation officers to suspect that Howard might perpetuate this interest, i.e. Family Lust (Fathers and their Teenage Daughters), through the use of the internet.[2] It was also reasonable to assume that this interest might have resulted in illegal activity on the computer. Thus, a search of his computer was reasonable under the circumstances.

**DONE** and **ORDERED** this the 5th day of January, 2011.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] While Howard was not convicted of child molestation, the earlier accusation resulted in the removal of his daughter from his home. Although this occurred 12 years previously, it is not a fact that the probation officers were required to ignore and could reasonably enhance their suspicions related to the magazines.