**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MARK EDWARD HOWARD, | * | |
| Petitioner, | * | |
| | * | CIVIL ACTION NO. 12-00528-KD-B |
| vs. | * | CRIMINAL NO. 10-00208-KD-B |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**ORDER**

This case is before the Court on Petitioner Mark Edward Howard's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 54), the Government's Motion to Dismiss (Doc. 57), and Howard's Response to the Court's Order to Show Cause as to why his habeas petition should not be dismissed as time barred (Doc. 59).

At the outset, there is no need for an evidentiary hearing because the claim may be resolved on the existing record. Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983).

**I.      Background**

On September 30, 2010, Howard was indicted for two counts related to child pornography, and one count for being a felon in possession of a firearm. (Doc. 16). On January 20, 2011, Howard entered a guilty plea as to Count One (production of child pornography, 18 U.S.C. § 2251(a) and (e)), and Count Three (felon in possession of a firearm, 18 U.S.C. § 922(g)(1)). (Doc. 47).[1] On February 4, 2011, the undersigned sentenced Howard to 360 months, and imposed Judgment. (Doc. 52). On February 7, 2011, Howard filed a Notice of Non-Appeal. (Doc. 51). On February 10, 2011, this Court docketed the Judgment. (Doc. 52).

---

1  The Order on Guilty Plea was signed on January 31, 2011 and docketed on February 1, 2011.

On August 14th or 15th, 2012[2], Howard signed and mailed the instant Section 2255 habeas petition (claiming "denial of effective assistance of counsel"); the petition was docketed by this Court on August 22, 2012. (Doc. 54). On September 19, 2012, the Government moved to dismiss, contending that Howard's petition was time barred and he had failed to establish that equitable tolling applied. (Doc. 57).

**II.     Discussion**

The *Anti–Terrorism and Effective Death Penalty Act of 1996* ("AEDPA") was enacted on April 24, 1996. The AEDPA added a new statutory limitations period to 28 U.S.C. § 2255. Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000), cert. den., 531 U.S. 971 (2000). 28 U.S.C. § 2255(f) provides:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, Howard's February 2011 Judgment became final 14 days after it was entered. The one-year limitations period thus expired in February 2012. Howard filed his habeas petition in August 2012. As such, Howard's petition is time barred as having been filed

---

[2] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). While the petition was docketed on August 22nd, the envelope from Howard is postmarked August 15th (Doc. 54-2 at 1) and Howard signed his motion to vacate form on August 14, 2012 (Doc. 54 at 2).

1½ years after the Judgment became final (*i.e.,* approximately 6 months late).

In his petition Howard concedes that his habeas motion is untimely, but requests equitable tolling, citing his lack of access to a federal library or federal resources "to research more about my case." (Doc. 54-1). Additionally, in his response to the Court's order to show cause why his petition should not be dismissed, Howard contends further, that he was not advised about his appellate rights by either his counsel or this Court. (Doc. 59).

Equitable tolling applies to the statute of limitations set forth in 28 U.S.C. § 2255(f). San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). *However*, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010) (holding similar statute of limitations in 28 U.S.C. § 2244(d) is subject to equitable tolling). The extraordinary circumstances must be circumstances beyond the petitioner's control. Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009). Additionally, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. San Martin, 633 F.3d at 1267. Moreover, the diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." Id. See, e.g., Holland, 560 U.S. at 652-653 (holding that equitable tolling may be available in an "extraordinary" instance in which the conduct of a petitioner's attorney constitutes more than "garden variety" or "excusable neglect"). Further, the burden of establishing equitable tolling lies with the petitioner. Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir. 2008); Spottsville v. Terry, 476 F.3d 1241, 1245 (11th Cir. 2007); Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007).

As grounds to support equitable tolling of his habeas petition, Howard contends that: 1)

he did not have access to a "Federal law library" and/or "Federal resources" to "research more about his case" (including "not having access to case law after 2007"); and 2) he was not sufficiently advised of his appellate rights ("unaware" of his rights). (Doc. 54-1; Doc. 59). As noted *supra*, Howard bears the burden of establishing that equitable tolling is warranted.

Regarding his law library contention, Howard has not explained how his inability to access a "Federal law library" and/or "Federal resources" resulted in the untimely petition. The Supreme Court has held that a prisoner has a constitutional right to access to the court, and that the lack of access to legal research materials or trained assistance or some other similar means of preparing his claims *may* state a claim of constitutional violation *if* the inmate demonstrates that the lack kept him from accessing the court. Lewis v. Casey, 518 U.S. 343, 352 (1996). *However*, this ruling "did not create an abstract, freestanding right to a law library or legal assistance." Id. at 351. The inmate must demonstrate actual injury, and that requirement "is not satisfied by just any type of frustrated legal claim. Id. at 354. A petitioner must demonstrate that the lack of access to legal materials kept him from timely filing his petition. Paulcin v. McDonough, 259 Fed. Appx. 211, 212 (11th Cir. 2007) (denial of equitable tolling not abuse of discretion -- lack of access to law library and legal papers for as much as 10 months of one-year limitations period were not shown to be extraordinary and petitioner failed to allege how lack of access thwarted his efforts to file a timely petition); Miller v. Florida, 307 Fed. Appx. 366, 368 (11th Cir. 2009) citing Akins v. United States, 204 F.3d 1086, 1089-1090 (11th Cir. 2000) ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling[]").

Specifically, when an inmate fails to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding, lack of access to a law library does not

constitute extraordinary circumstances to toll the limitations period governing his habeas petition -- despite claims that he could not file his petition without access to those legal materials and even when he alleges that he exercised diligence in attempting to gain access and file a timely petition. See, e.g., Paulcin, 259 Fed. Appx. at 213 (concluding that an inmate's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances) (citing Akins, 204 F.3d at 1089-1090 (declining to apply equitable tolling when an inmate was subjected to lockdowns in jail for several months during which he could not access the law library and prison officials misplaced his legal papers for a period of time, as he had ample time to file his motion when these impediments did not exist) and Dodd v. United States, 365 F.3d 1273, 1282-1283 (11th Cir. 2004) (finding that being transferred to a different facility and detained for over 10 months without access to his legal papers did not, in relevant part, support equitable tolling as the circumstances were not extraordinary)); Bell v. Sec'y, Dept. of Corr., 248 Fed. Appx. 101, 104-105 (11th Cir. 2007) (prisoner did not show diligence because there was no evidence that prisoner attempted to access the prison library or determine the applicable limitations period until after it expired); McCarter v. U.S., 2011 WL 3857118, *5 (S.D. Ala. Aug. 4, 2011) (finding that petitioner had not established the diligence necessary to show extraordinary circumstances).[3] Here, Howard has made no such showing. Instead, he simply asserts he did not have access to a federal law library but he has not attempted to demonstrate how this prevented him from filing a timely habeas petition. See, e.g., U.S. v. Howell, 2010 WL 4929247, *2 (S.D. Ala. Oct. 19, 2010) (same); McKenzie v. U.S., 2009 WL

---

[3] See also e.g., Nguyen v. United States, 2007 WL 2904141, *2 (M.D. Fla. Oct. 3, 2007) (finding that where a prisoner "was in transit for five months and was unable to secure either representation or his legal papers from his former attorney in a timely fashion" did not present extraordinary circumstances warranting equitable tolling); United States v. Tharp, 2011 WL 2607166, *2 (W.D. Va. Jun. 30, 2011) (holding that petitioner was not entitled to invoke § 2255(f)(2) where she failed to show that she attempted to research federal issues, that she asked officials for access to federal legal materials, or that any specific issue raised in her motion required research of federal legal materials).

3836450, *5 (S.D. Fla. Nov. 16, 2009) (noting that when petitioner has "in no way demonstrated that he was actually impeded by any unconstitutional state action in timely filing….[b]are allegations of denial of access to a law library are not sufficient, standing alone, to entitle a petitioner to equitable tolling[]").

Concerning Howard's claim that he was "unaware of his appellate rights," he has provided no information as to how his lack of knowledge merits equitable tolling, or how – if he had acted with due diligence – he could not have discovered his appellate rights. Courts "have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). See also Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence[]"). Indeed, "it is well established that ignorance of the law … generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation marks and citation omitted). Unfamiliarity with the law does not justify equitable tolling: "the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations." U.S. v. Petty, 530 F.3d 361, 366 (5th Cir. 2008). "[E]quity is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) (citing Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989)). See also Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling).

Based on the foregoing, the Court finds that Howard has not established entitlement to equitable tolling of his Section 2255 habeas petition and thus, the Government's Motion to

Dismiss (Doc. 57) is due to be granted and Howard's petition (Doc. 54) is due to be **DISMISSED** as time barred.

III.     **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned finds that a certificate of appealability in this case be denied. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot* [*v. Estelle*, 463 U.S. 880, 893 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further[]") (internal quotation marks omitted). *Accord* Miller El v. Cockrell, 537 U.S. 322, 336 (2003).

Howard's petition does not warrant the issuance of a certificate of appealability as his claims are clearly time-barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Howard should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further[]"). Accordingly, the undersigned concludes that no reasonable jurist could find it debatable whether Howard's petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

### IV. In Forma Pauperis

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued ... is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding ... [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631-632 (7th Cir. 2000). See also Weaver v. Patterson, 2012 WL 2568218, *7 (S.D. Ala. Jun. 19, 2012), *report and*

*recommendation adopted*, 2012 WL 2568093 (S.D. Ala. July 3, 2012) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). See Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); DeSantis v. United Techs, Corp., 15 F. Supp. 2d 1285, 1288-1289 (M.D. Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). But see e.g., United States v. McCray, 2012 WL 1155471, *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained -- and is not entitled to -- a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal[]").

Upon consideration, the Court finds and certifies that any appeal by Howard in this action would be without merit and therefore not taken in good faith. Accordingly, Howard is not entitled to appeal *in forma pauperis*.

## V. Conclusion

Accordingly, it is **ORDERED** that Petitioner Mark Edward Howard's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 54) is **DISMISSED** as time barred; judgment will be entered against Petitioner Mark Edward Howard, and in favor of Respondent the United States of America. The undersigned further finds that Howard is not entitled to the issuance of a

certificate of appealability, and therefore, is not entitled to proceed *in forma pauperis*.

**DONE** and **ORDERED** this the **26th** day of **February 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**
